## Eno v. Roberts.

Action will lie in favor of a collector against an executor or administrator, to recover taxes due from the deceased.

Error from the judgment of a justice of the peace. Roberts having been a collector of taxes, brought his action on the case against Eno, executrix of the last will of Eno, deceased, to recover the amount of taxes on the bills in his hands against the deceased.

Upon demurrer to the declaration, it was objected, that no such suit could be maintained by a collector;— but the declaration was, by the justice adjudged sufficient; and the judgment here affirmed.

By the Court.    The only matter assigned, and relied on by the plaintiff in error, is — that such action could not

be maintained by a collector; because the tax was not a debt due to him, but to the town:— Therefore, without noticing any informalities or circumstantial defects, the case is decided on that point only; which is a case that may frequently occur in the collection of taxes, though we know of no former adjudication in such a case.

It is certain, that the tax was a debt against the estate of the deceased, which the executrix ought to have paid, and which would have been allowed to her in the settlement of her administration account.

It was adjudged in an action of trover, reported by Burrow, 1152, Stevens v. Evans, etc. That a rate due from a person deceased, could not be levied on his estate, in the hands of his administrator, without first convening the administrator before justices, to show cause why he should not pay it:— And this judgment appears to us to be well founded; for the debts of persons deceased ought to be paid in the course of administration appointed by law, and the administrator can be no farther liable than he hath assets in his hands.— But no opinion is given in that case who ought to bring the suit.

But as the collector is the only person who has right by law to receive the rates of the person taxed, and is accountable to the public for the money when collected — we are of opinion, that he is the most suitable person to bring the suit; which is only to obtain a new warrant or execution against the representative, instead of that which he had against the deceased; — nor can the representative be thereby prejudiced, any more than if the suit was brought in the name of the town, or other community, by whom the tax is laid. As the whole case is set forth in the declaration, he can be under no disadvantage in making a defense.—

It may be a hardship for a collector to be obliged to bring a suit in such case, without some compensation from the public, as the legal cost may not be adequate to his trouble and expense; — but that is a matter which lies between him and the public, and is no ground of exception on the part of the defendant.— The collector is obliged to pay the public the amount of the rates that he could have collected, when they become due, whether he has collected them or not; and he is authorized by the statute to reimburse himself, by collecting them any time afterwards.— In this case, the plaintiff declares, that he had paid the rate to the town; and therefore, it is a debt now due to him.

So the judgment of the justice was affirmed.